IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHIELDMARK, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | CASE NO.: 1:13-CV-00572 |
| | ) | |
| V. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INSITE SOLUTIONS, LLC. | ) | |
| | ) | |
| DEFENDANT | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Now comes Defendant InSite Solutions, LLC ("InSite") and offers the following in support of its Motion for Summary Judgment of Non-Infringement filed herewith.

Before this Court are two patent cases, Case No. 1:12-cv-00223-DCN ("the '223 case") and Case No. 1:13-cv-00572-DCN ("the '572 case"), involving the same parties, the same products, and for all intents and purposes here, two identical patents.  The '223 case involves U.S. Patent 8,088,480 ("the '480 patent") and the '572 case involves U.S. Patent 8,343,292 ("the '292 patent").[1]  On its face, the '292 patent declares that it is a continuation of the patent application that issued as the '480 patent.  Accordingly, the two patents have the same inventor, same assignee, same specification, and same drawing.

In the '223 case, ShieldMark asserts that InSite's accused products infringe independent claim 5 of the '480 patent, which reads as follows:

> 5. An adhesive tape comprising:
>   a polymer layer having a Shore A Hardness of between 92 and 100 and a substantially uniform thickness of between about 0.020" to 0.065"; and
>   a layer of adhesive attached to said polymer layer;

---

[1] The '480 patent is Doc. 1-1 in the '223 case, and the '292 patent is Doc. 1-1 in the '572 case.

1

>   where the adhesive tape comprises a peel adhesion greater than 2.0 lb/in width when peeled at a 90 degree angle under a modified PSTC-101 method where the modified PSTC-101 method comprises a dwell time of one hour.

In the '572 case, ShieldMark asserts that InSite's accused products infringe independent claim 1 of the '292 patent, which reads as follows:

>   1.   A method of providing an adhesive polymer marking system comprising:
>   extruding at least one polymer material to yield a polymer layer having a Shore A Hardness of between 92 and 100 and a substantially uniform thickness between 20 mil and 65 mil; and
>   applying a layer of adhesive to the extruded polymer layer, with the adhesive being in direct and uninterrupted contact with the extruded polymer layer,
>   where the adhesive polymer marking system has a peel adhesion greater than 2.0 lb/in width, measured under a test method including peeling the tape at a 90 degree angle after application to a stainless steel panel.

In essence, claim 1 of the '292 patent claims the method of making the product claimed in claim 5, of the '480 patent.

Both claim 5 of the '480 patent and claim 1 of the '292 patent have the same claim limitation of "a polymer layer having...a substantially uniform thickness...."  In the '223 case, this Court construed the claim limitation of "a substantially uniform thickness" to mean "a largely but not necessarily wholly uniform distance between the upper surface and the lower surface without significant deviations, protrusions or steps."  (Doc. 54 of the '223 case).  In its *Markman* ruling, this Court proclaimed and followed the legal premise that "[t]he specification is 'the single best guide to the meaning of a disputed term'."  (Doc. 54, Page ID 1133 of the '223 case).  Here, the two patents have identical specifications.  In the same manner, this Court proclaimed and followed the legal premise that "the prosecution history may be relevant when attempting to

2

interpret disputed claim terms."  (Doc. 54, Page ID 1134 of the '223 case).  The public record of the '292 patent, available at http://portal.uspto.gov/pair/PublicPair, shows that patent claims 1-3 of the '292 patent were allowed as filed, without comment or action impacting their scope or meaning.  Claim construction of a continuation patent, such as here, may also typically involve reliance on the prosecution history of the parent application.  *Microsoft Corp. v. Multi-tech Sys., Inc.,* 357 F.3d 1340, 1349 (Fed. Cir. 2004); *Datamize, LLC v. Plumtree Software, Inc.,* 417 F.3d 1342, 1353 (Fed. Cir. 2005); *Ormco Corp. v. Align Technology, Inc.,* 498 F.3d 1307, 1314 (Fed. Cir. 2007).  This Court considered that prosecution history when construing the term at issue in the '223 case.  In construing that same claim term in this case, consistency requires that it be given the same meaning as in the '223 case.  Courts "must interpret the claims consistently across all asserted patents."  *NTP, Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1293 (Fed. Cir. 2005).

     Attributing to the claim term "a substantially uniform thickness" in claim 1 of the '292 patent the meaning of "a largely but not necessarily wholly uniform distance between the upper surface and the lower surface without significant deviations, protrusions or steps" as this Court did for the same term in claim 5 of the '480 patent, the conditions for summary judgment are the same in this case with regard to claims 1-3 of the '292 patent as in the '223 case with regard to claim 5 of the '480 patent.  Summary judgment has been addressed in the '223 case in Doc. Nos. 58, 59, 72, and 76.  Should this Court grant summary judgment with regard to claim 5 (and those dependent therefrom) of the '480 patent in the '223 case, it should likewise grant summary judgment of non-infringement in this case with regard to claims 1-3 of the '292 patent for the same reasons.

In light of the foregoing, InSite prays that this Court grant a summary judgment of non-infringement of claims 1-3 of the '292 patent for failure to satisfy the "all elements rule" as articulated in the '223 case in Docs. Nos. 59 and 76.

Respectfully submitted,

*/s/Ray L. Weber*

Ray L. Weber    (0006497)
Laura J. Gentilcore    (0034702)
Mark L. Weber    (0072078)
RENNER, KENNER, GREIVE, BOBAK,
   TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, Ohio 44308
Telephone:  (330) 376-1242
Email: rlweber@rennerkenner.com
Email: ljgentilcore@rennerkenner.com

*Attorneys for Defendant, InSite Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2013, the foregoing Brief in Support of Defendant's Motion for Summary Judgment of Non-Infringement was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Ray L. Weber*