IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| SHIELDMARK, INC. | ) | |
| | ) | |
| PLAINTIFF | ) | CASE NO.: 1:13-CV-00572 |
| | ) | |
| V. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| INSITE SOLUTIONS, LLC. | ) | |
| | ) | |
| DEFENDANT | ) | |

**DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**

Now comes defendant, InSite Solutions, LLC ("InSite"), and replies to the opposition of plaintiff, ShieldMark, Inc. ("ShieldMark"), identified in the caption above. InSite's Motion for Summary Judgment of Non-infringement (Doc. 16) in this case should be granted for at least one of the reasons that InSite's Motion for Summary Judgment of Non-infringement in companion Case No. 1:12-cv-00223 (Doc. 58) should also be granted. Indeed, granting of InSite's Motion in the '223 case should end both cases.

It is particularly noteworthy that ShieldMark's opposition to this pending motion for summary judgment was not at all responsive to the brief (Doc. 17) offered in its support. InSite's motion simply presented that (1) an identical claim term is at issue in both the '480 patent in the '223 case and the '292 patent in this (the '572) case; (2) that claim term should be construed the same in both cases; and (3) that claim term or feature is absent in the accused product of InSite for the reasons advanced in the '223 case in Docs. 59 and 76. In short, the motion for summary judgment at issue in this '572 case simply states that summary judgment is appropriate here for the same reasons as in the '223 case.

1

In its opposition, ShieldMark does not address whether the two patents contain the same claim term, whether that term should be construed the same in both cases, and whether recourse could be made to the issue already briefed in Docs. 59, 72 and 76 of the '223 case.  Instead, ShieldMark rehashes its arguments from its reply in Doc. 72 of the '223 case and attempts to buttress its arguments with a "straw man" in the form of its purported expert, Jerry M. Serra, who seeks to generate an issue of fact where none exists.  Rather than congest the record, InSite adopts herein by reference its arguments in Docs. 59 and 76 of the '223 case and Doc. 17 of the '572 case, and primarily addresses herein the testimony of ShieldMark's expert that unequivocally undermines ShieldMark's arguments of infringement.

Both independent claim 1 of the '292 patent at issue in this case, and claim 5 of the '480 patent at issue in the '223 case, require the presence in the accused product of "a polymer layer having...a substantially uniform thickness...."  This Court determined in its *Markman* ruling in the '223 case that "a substantially uniform thickness" means "a largely but not necessarily wholly uniform distance between the upper surface and the lower surface without significant deviations, protrusions or steps."  ShieldMark is correct in its contention that, for purposes of summary judgment, "[t]he only dispute raised by InSite is that its Accused Products have a 'significant deviation, protrusion, or step.'"  (Doc. 20, PageID 268).  That is because, as presented in earlier briefing, the all-elements rule requires that all elements of the claim be found in the accused product and the absence of a single element precludes infringement.  *U.S. Philips Corp. v. Iwasaki Elec. Co. Ltd*., 505 F.3d 1371, 1374 (Fed. Cir. 2007).  See also, *TIP Sys., LLC v. Phillips & Brooks/Gladwin, Inc.,* 529 F.3d 1364, 1379 (Fed. Cir. 2008).  Here, as the Court's claim construction properly confirms, the inventor made the absence of "significant deviations,

protrusions or steps" a claim element that must be found in the accused product for there to be infringement.

ShieldMark acknowledges, as it must, that there are steps along each lateral edge of the accused products. It challenges, however, whether these steps are "significant," and to do so it employs Jerry Serra to offer an expert report that remarkably measures a step not by its height, but by its area and weight. Notably, Dr. Serra's report never advances the measurement of these steps as any right-thinking person would do – the height of the step. It is difficult to imagine anything so disingenuous. It took his deposition to ferret out the truth, where this exchange occurred:

Q. Okay. In fact, the construction that the Court issued as a matter of law in this case does not limit the term "significant" to weight, does it?

A. I believe you are correct.

Q. And the construction ruled by the Court does not limit the word "significant" to area, does it?

A. You are correct.

Q. In fact, the construction ruled by the Court doesn't limit the term "significant" at all, does it?

A. Correct. It does not specify what it means by "significant."

Q. Okay. Now, the claim limitations, the claim itself speaks of thickness, correct?

A. Uh-huh.

Q. And thickness correlates to the cross-sectional height of the polymer layer, doesn't it?

A. Yes.

Q.      And a step is normally considered in the context of height, isn't it?

A.      Yes.

(Doc. 19-1, PageID # 182, l. 16 – PageID #. 183, l. 15).  Several things are glaringly apparent from Dr. Serra's testimony.  First, he acknowledges that "a step is normally considered in the context of height."  He also acknowledges that when "the claim itself speaks of thickness," that "correlates to the cross-sectional height of the polymer layer."  Cardinally, he also acknowledges that "[i]n fact, the construction ruled by the Court doesn't limit the term 'significant' at all."

Knowing that the term "significant" is to be broadly considered and is without limitation, and that "a step is normally considered in the context of height," it is, in fact, incredible that Dr. Serra and ShieldMark would advance the significance of steps in the context of weight and area, and not height!  The reason is clear.  The height of the steps is significant.  While Dr. Serra determined that the steps in the accused product were "less than 1% of the overall area of the polymer layer," and "less than 1% of the overall weight of the polymer," (Doc. 19-2 at pp. 4-5), there is no mention at all in his report of the relative height of the step with regard to the overall height or thickness of the polymer layer.  In his deposition, Dr. Serra acknowledged that the steps in the accused product are 18.5% of the thickness of the material.  (Doc. 19-1, PageID # 185, ll. 5-21).  Dr. Serra admits not reporting the percentage of the step to the overall thickness of the polymer layer in his report (Doc. 19-1 PageID # 184, l. 21 – PageID #185, l. 1).  He further acknowledged that, although Mr. Lowe believes that the steps are functionally of great significance, as presented in earlier briefs on this matter, Dr. Serra chose to ignore the functional significance of the steps in his report.  (Doc. 19-1, PageID # 185, l. 22 – PageID # 186, l. 5).

All that ShieldMark has been able to do is to fabricate a basis for declaring the steps to be insignificant.  While the claim refers to thickness, ShieldMark ignores thickness and addresses weight and area—which are never mentioned in the claim.  When thickness or height is considered, as it should be since the claim speaks of thickness, the result is remarkably different.  Instead of 1%, there is an 18% relationship – in other words, considering height, the relationship of the step to the overall height or thickness of the polymer layer is 18 times that reported by Dr. Serra when considering weight and area!  To give the Court an appreciation of the size of the steps in the accused product, they would bear the same relationship to the accused product as would a two-foot high step against an 11-foot wall.  The math is simple.  Yet, ShieldMark and Dr. Serra shied away from it because of what it shows.  No reasonable juror could say that the steps in the accused product are insignificant.

It is well to note that *any* significance of the steps removes the accused product from the claims and precludes a finding of infringement.  The Court's construction of the claim term in issue does not limit the nature of the significance of the deviations, protrusions or steps.  That is apparent from the express language of the construction by the Court, and was acknowledged by Defendant's expert.  (Doc. 19-1, PageID # 182, l. 16-PageID # 183, l. 4).  The absence of "significant deviations, protrusions or steps" being an element that must be found in the accused product for there to be infringement, it is enough that there is some type of significance.  *TIP Sys., LLC*, 529 F.3d at 1379.

ShieldMark is left without any evidence to counter InSite's evidence regarding the significance of the steps as to both height and function.  Clearly, the steps must be measured by height, which correlates to thickness as admitted by Dr. Serra.  (Doc. 19-1, PageID # 184, l. 8 – PageID # 185, l. 2).  **There is nothing in Dr. Serra's report or opinion that addresses height**

5

– for obvious reasons. **There is also nothing in Dr. Serra's report that addresses the functional significance of the steps** – another admission of Dr. Serra. (Doc. 19-1, PageID # 185, l. 22 – PageID # 186, l. 10). This is not an issue of weight of the evidence; it is an issue of the legal sufficiency of the evidence. *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1336 (Fed. Cir. 2009). **There exists no evidence to counter the structural and functional significance of steps advanced by InSite.** See Doc. 59-1, ¶¶ 7-13 of the '223 case.

As in its brief in the '223 case (Doc. 72, PageID 1287-88), ShieldMark seeks to exclude the "edge features" from the accused product and then argue that "[t]he presence of an additional 'edge feature' does not save a finding of infringement because the open-ended claim language 'comprising' permits such an additional feature." (Doc. 20, PageID 271-272). The "edge feature" is not "an additional feature;" the "edge feature" is part and parcel of the polymer layer. Moreover, the claims specifically exclude "significant deviations, protrusions or steps" from the polymer layer; the absence of "significant deviations, protrusions or steps" is an element that must be found in the accused product for there to be infringement. *TIP Sys. LLC,* 529 F.3d at 1379. To argue that the polymer layer of the accused product has a substantially uniform thickness between the steps, and that the steps or "edge features" of the accused product are simply additional material is to ignore the law. Those edge features are part of the polymer layer of the accused product, and it is that polymer layer that must be measured against the claim language. The second step of claim construction is to compare the properly construed claims to the accused product. *Abbott Labs. v. Sandoz, Inc.,* 566 F.3d 1282, 1288 (Fed.Cir.2009). The properly construed claims in issue contain an exclusion. That exclusion is "substantial deviations, protrusions or steps." If they appear anywhere in the polymer layer, that portion of

the claim language is not satisfied and no infringement can be found. *TIP Sys. LLC,* 529 F.3d at 1379.

In light of the foregoing, a summary judgment of non-infringement is appropriate herein, and an order to that end is respectfully solicited.

Respectfully submitted,

*/s/Ray L. Weber*

Ray L. Weber (0006497)
Laura J. Gentilcore (0034702)
Mark L. Weber (0072078)
RENNER, KENNER, GREIVE, BOBAK,
 TAYLOR & WEBER
106 South Main Street, Suite 400
Akron, Ohio 44308
Telephone: (330) 376-1242
Email: rlweber@rennerkenner.com
Email: ljgentilcore@rennerkenner.com

*Attorneys for Defendant, InSite Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2013, the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENANT'S MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT** was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/Ray L. Weber*